El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Rivera Rodríguez, acusado y apelante.

Núm. 10426.—*Sometido:* Mayo 9, 1944. *Resuelto:* Mayo 17, 1944.

*Juan Lastra,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El acusado fué convicto de un delito de hurto de mayor cuantía y sentenciado el 4 de diciembre de 1942 a cumplir cuatro años de presidio con trabajos forzados. El delito consistió en haber sustraído de la persona de Dominga Correa con intención criminal una cartera conteniendo $2,080 en billetes de banco propiedad de dicha señora, teniendo el acusado allí y entonces la intención de apropiarse de la referida cartera y dinero, como en efecto así lo hizo. El juicio se celebró el 2 de noviembre de 1942. Alega ahora el acusado por primera vez en apelación que el juez que conoció del caso actuó sin jurisdicción porque para la fecha en que se celebró el juicio el referido juez, que es uno de los jueces propietarios de la corte inferior, se hallaba en uso de licencia

y era sustituído en su cargo por un juez especial nombrado con ese objeto. En apoyo de su contención el apelante acompañó a su alegato dos certificaciones: una expedida por el Procurador General Interino acreditativa de que el Hon. Jorge Luis Córdova Díaz, quien fué el juez que celebró el juicio y sentenció al acusado, estuvo en uso de licencia en el año 1942 desde el 25 de septiembre hasta el 4 de noviembre y desde el 6 de noviembre hasta el primero de diciembre; y otra del secretario de la Corte de Distrito de San Juan, sala de lo civil, acreditativa de "Que el Lcdo. Edelmiro Martínez Rivera tomó posesión de su cargo como Juez substituto del Hon. Jorge L. Córdova Díaz, el día 25 de septiembre de 1942, actuando como tal hasta el día 1 de diciembre de 1942."

No es éste el procedimiento para someter una cuestión a la consideración de un tribunal de apelación; pero tratándose de una cuestión dirigida a atacar la jurisdicción del juez que conoció del caso en la corte de primera instancia, la consideraremos por ser de carácter privilegiado.

El juez especial no fué nombrado para sustituir al juez Córdova exclusivamente en este caso. Su comisión era para conocer de cualquier caso que pudiera presentarse durante la licencia del juez Córdova. Siendo ello así, al presentarse el juez Córdova y asumir jurisdicción sobre este caso, su actuación tuvo el efecto de vacar el cargo de juez especial, excepto en cuanto a aquellos casos cuyos juicios habían comenzado ante el juez especial, de los cuales no podía continuar conociendo el juez propietario. *State* v. *Stevenson,* 19 L.R.A. (N. S.) 713, 715; 30 Am. Jur., *Judges,* §107.

Se queja el apelante de que a la testigo Gloria M. de Andino, nieta de la perjudicada, se le permitiese declarar que la noche anterior al día de autos vió al acusado frente a la casa de la perjudicada, y que le preguntó a la testigo si su abuela estaba en la casa o si había salido sola, y que la testigo le contestó que había salido sola. Ese incidente entre el acusado y la testigo es pertinente, toda vez que tiende a

conectar al acusado con el delito, ya que demuestra que el acusado desde el día anterior al de autos, venía acechando a su víctima.

Por último, alega el apelante que la corte inferior erró al admitir en evidencia la declaración del detective Juan E. Miranda al efecto de que el acusado le había dicho que si el fiscal le imponía un año de presidio él se declaraba culpable inmediatamente; que en presencia del testigo el detective informó al fiscal lo que le había dicho el acusado, y que el fiscal contestó ''que él no era quien imponía sentencias y que él no podía admitir eso.''

La declaración del detective era admisible, tendiendo como tendió a establecer una admisión por parte del acusado, que lo incrimina, ya que una persona inocente no está dispuesta a declararse culpable de un delito de la naturaleza del imputado al acusado, ni tampoco a cumplir sin motivo alguno una pena de un año de presidio. Underhill's *Criminal Evidence,* cuarta edición, §262. *Cf. Pueblo* v. *Dones,* 56 D.P.R. 211.

*Procede la confirmación de la sentencia.*